# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| L2 MOBILE TECHNOLOGIES LLC,<br><br>     Plaintiff,<br><br> vs.<br><br>GOOGLE LLC<br><br>     Defendant. | Civil Action No. 6:21-cv-358-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................1

FACTUAL BACKGROUND ..........................................................................................................1

    A.    The Majority of Google's Evidence And Witnesses Are In The NDCA, and None Is In The WDTX.........................................................................................2

    B.    L2MT Evidence And Witnesses Are Not In The WDTX........................................2

    C.    Relevant Third-Party Witnesses And Evidence Are Not In The WDTX ................4

    D.    Third Parties Involved In Negotiations for L2MT Are Not In The WDTX ............4

LEGAL STANDARD......................................................................................................................5

I.    THE NDCA IS A CLEARLY MORE CONVENIENT FORUM THAN THE WDTX.................................................................................................................................5

    A.    L2MT Could Have Brought This Action In The NDCA.........................................5

    B.    All Private Interest Factors Favor Transfer To The NDCA ...................................6

        1.    Cost Of Attendance For Willing Witnesses Heavily Favors Transfer To The NDCA..................................................................................6

        2.    Relative Ease Of Access To Sources Of Proof Favors Transfer To The NDCA..................................................................................................8

        3.    Availability Of Compulsory Process Favors Transfer To The NDCA .......................................................................................................9

        4.    There Are No Practical Problems with Transferring This Case ................10

    C.    The Public Interest Factors Also Weigh In Favor Of Transfer..............................11

        1.    NDCA Has A Strong Local Interest In This Dispute .................................11

        2.    The Median Time To Jury Trial Is Neutral................................................12

        3.    The Remaining Public Interest Factors Are Neutral..................................13

CONCLUSION..............................................................................................................................13

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*10Tales, Inc. v. TikTok Inc.*,
  No. 6:20-CV-00810-ADA, 2021 WL 2043978 (W.D. Tex. May 21, 2021) ..................... passim

*Adaptix, Inc. v. HTC Corp.*,
  937 F. Supp. 2d 867 (E.D. Tex. March 28, 2013) ................................................................. 10

*Correct Transmission LLC v. ADTRAN, Inc.*,
  No. 6:20-CV-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) .................. 9, 10, 11

*Harland Clarke Holdings Corp. v. Milken*,
  997 F. Supp. 2d 561 (W.D. Tex. 2014)................................................................................. 12

*In re Adobe Inc.*,
  823 F. App'x 929 (Fed. Cir. 2020) ......................................................................................... 8

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020).......................................................................................... 8, 11

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) .............................................................................................. 6

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009).................................................................................. 1, 6, 8, 12

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2008) ............................................................................................ 11

*In re HP Inc.*,
  826 F. App'x 899 (2020) ........................................................................................................ 9

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009).................................................................................... 1, 5, 12

*In re Toyota Motor Corp.*,
  747 F.3d 1338 (Fed. Cir. 2014).............................................................................................. 5

*In re Tracfone Wireless, Inc.*,
  No. 2021-136, 2021 U.S. App. LEXIS 11388 (Fed. Cir. Apr. 20, 2021)............................ 8, 11

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008)....................................................................................... 11, 13

*In re Volkswagen AG ("Volkswagen I")*,
 371 F.3d 201 (5th Cir. 2004) ................................................................................................. 7

*In re Volkswagen of Am., Inc. ("Volkswagen II")*,
 545 F.3d 304 (5th Cir. 2008) ................................................................................... 5, 7, 9, 12

*In re: Samsung Electronics Co., Ltd.*,
 -- F.4th --, 2021 WL 2672136 (Fed. Cir. June 30, 2021)................................................ 10, 11

*Moskowitz Family LLC v. Globus Med.*,
 No. 6:19-cv-00672, 2020 U.S. Dist. LEXIS 145438 (W.D. Tex. July 2, 2020).................. 9, 11

*Parus Holdings Inc. v. LG Elecs. Inc.*,
 No. 6:19-CV-00432-ADA, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020)............................ 7

*Polaris Innovations, Ltd. v. Dell, Inc.*,
 No. SA-16-CV-451-XR, 2016 U.S. Dist. LEXIS 167263 (W.D. Tex. Dec. 5, 2016) ............. 6

*Sun Patent Trust v. HTC Corp.*,
 2:20-cv-286-JRG, Dkt. 35-13 (E.D. Tex., Feb, 23, 2021) ...................................................... 4

**Statutes**

28 U.S.C. § 1400(b) ....................................................................................................................... 6

28 U.S.C. § 1404(a) ................................................................................................................... 1, 5

**Rules**

Fed. R. Civ. P. 45(c)(1)............................................................................................................... 10

## INTRODUCTION

Google LLC ("Google") respectfully requests transfer of this action to the Northern District of California ("NDCA") under 28 U.S.C. § 1404(a) because the NDCA is clearly the more convenient forum for this lawsuit.

Plaintiff L2 Mobile Technologies, LLC ("L2MT") has no relevant connections to this District. L2MT is located in the Eastern District of Texas, and its employees are either in Dallas or abroad. L2MT acquired the patents-in-suit from a third party with no connection to the Western District of Texas ("WDTX"), and the named inventors on the patents reside in Taiwan.

In contrast, a substantial number of relevant witnesses are located in or near the NDCA. For example, almost all Google personnel with knowledge about the technology, financials, and marketing of the accused Pixel smartphone products live and work in the NDCA. A substantial portion of the sources of proof are also in the NDCA, at Google's headquarters. In addition, a number of potentially relevant third parties, such as Qualcomm Inc. ("Qualcomm"), which designs the processors in the accused products that implement the accused functionality, as well as the prosecuting attorneys for the patents-in-suit, are also located in California. In contrast, no relevant witnesses or evidence are located in the WDTX.

Where, as here, "the transferee venue is 'clearly more convenient' than the venue chosen by the plaintiff," the case should be transferred. *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009)).

## FACTUAL BACKGROUND

On April 9, 2021, L2MT filed this lawsuit against Google, alleging that Google's Pixel line of "smartphones that comply with the 3G and/or with both the 3G and 4G wireless communications standards" infringe the patents-in-suit. Dkt. 1, ¶ 28. Specifically, L2MT alleges that "[i]t is necessary to practice one or more claims of the [patents-in-suit] to comply

1

with the requirements of the 3G mobile communications standard, including without limitation 3GPP TS 25.322 v6.12.0 and subsequent versions." Dkt. 1, ¶¶ 31, 46, 65. Most witnesses and evidence regarding the patents-in-suit and the accused Pixel Products are in the NDCA or elsewhere on the West Coast. Google is unaware of the plaintiff or any relevant third parties having ties to the WDTX.

### A. The Majority of Google's Evidence And Witnesses Are In The NDCA, and None Is In The WDTX

Google is headquartered in the NDCA (Mountain View, California), and the majority of its U.S. workforce is in the NDCA. (Rope Decl., ¶ 3.) Google witnesses with relevant technical, financial, and marketing knowledge about the accused Pixel Products are primarily located in the NDCA and work out of Google's Mountain View headquarters, as do some of the individuals involved in the pre-suit negotiations with L2MT. (*Id.,* ¶¶ 5-14.) These include the witnesses identified in accompanying Declaration of Andrew Rope, ¶¶ 6-14. As with the witnesses, all the relevant technical, financial, and marketing documents for the Pixel Products are located in the NDCA. (*Id.*, ¶ 16.) None of these documents are located in the WDTX. (*See id.*, ¶¶ 15-16.) Although Google has offices in Austin, no Google employees in Austin—or anywhere else in Texas—are knowledgeable about technical, financial, or marketing issues for the accused Pixel Products. (*Id.*)

### B. L2MT Evidence And Witnesses Are Not In The WDTX

Plaintiff L2MT is a patent assertion entity with no apparent ties to the WDTX. In the Complaint, L2MT alleges that its principal place of business is at 8105 Rasor Blvd., Suite 210, Plano, TX 75024, and that it "is in the business of licensing patented technology." Dkt. 1, ¶ 2. Plano, a city in Collin County and Denton County, is located in the Eastern District of Texas, not WDTX. (Acharya Decl. ¶ 2, Ex. 1.) According to its Secretary of State registration information,

2

L2MT's mailing address is 5204 Bluewater Dr., Frisco, TX and the registered office street address matches its Plano principal place of business, as alleged in the Complaint. (Acharya Decl. ¶ 3, Ex. 2 (L2MT Secretary of State page).) Frisco is another city located in the Eastern District of Texas, not WDTX. (Acharya Decl. ¶ 2, Ex. 1.) Chris Dubuc is the registered agent for L2MT (Acharya Decl. ¶ 3, Ex. 2 (L2MT Secretary of State page)); according to his LinkedIn page, he currently resides in Ottawa, ON, Canada (Acharya Decl. ¶ 4, Ex. 3.)[1]

According to its Rule 7.1 Certificate of Interested Parties, the sole member of L2MT is Longhorn IP LLC ("Longhorn"). Dkt. 7, ¶ 1. According to its Secretary of State registration information, Longhorn's mailing and registered office street address are 5204 Bluewater Dr., Frisco, TX. (Acharya Decl. ¶ 6, Ex. 5 (Longhorn Secretary of State page).) Longhorn's website uses the Eastern District of Texas address at 8105 Rasor Blvd., Suite 210, Plano, TX 75024 address. (Acharya Decl. ¶ 7, Ex. 6 (Longhorn Contact Us page).) None of the employees listed on Longhorn's website appear to be located in the WDTX. (Acharya Decl. ¶ 8, Exs. 7-12.)

Longhorn's registered agent is Khaled Fekih-Romdhane, who resides in Dallas. (Acharya Decl. ¶ 6, Ex. 5 (Longhorn Secretary of State page).) Dallas is located in the Northern District of Texas, not WDTX. (Acharya Decl. ¶ 2, Ex. 1.)

Further, according to its Rule 7.1 Certificate of Interested Parties, the sole member of Longhorn is Tanit Ventures, Inc. ("Tanit"). Dkt. 7, ¶ 2. According to its Secretary of State registration information, Tanit's mailing and registered office street address are in the Eastern District of Texas also at 5204 Bluewater Dr., Frisco, TX. (Acharya Decl. ¶ 9, Ex. 13 (Tanit Secretary of State page).)

---

[1] Mr. Dubuc appears to have left Longhorn IP in 2019. (*See* Acharya Decl. ¶ 5, Ex. 4 (Longhorn IP Announces Key Leadership Changes page).

### C. Relevant Third-Party Witnesses And Evidence Are Not In The WDTX

Third parties involved in the alleged invention, prosecution, and ownership of the patents-in-suit—such as the patent inventors, prosecuting attorneys, and previous assignees—are not located in the WDTX either. Moreover, non-party Qualcomm, Google's supplier of the processors which purportedly implement the accused 3G standard on the Pixel Products, is a Delaware corporation, headquartered in San Diego, California. *See Sun Patent Trust v. HTC Corp.*, 2:20-cv-286-JRG, Dkt. 35-13, ¶¶ 3-4, 8 (E.D. Tex. Feb, 23, 2021) (Declaration of VP of Engineering at Qualcomm regarding Qualcomm's location and location of Qualcomm employees); *see also* Acharya Decl. ¶ 10, Ex. 14 (Qualcomm's Pixel by Google page). The locations of these various third parties are shown in the accompanying Declaration of Deepa Acharya ¶ 11, Exs. 15-25.

None of these third parties are in the WDTX, and a number of them, including Qualcomm, are in California. This also makes the NDCA more convenient than the WDTX.

### D. Third Parties Involved In Negotiations for L2MT Are Not In The WDTX

One of the issues raised in Google's Answer is whether L2MT has complied with its obligation to license the patents-in-suit—which L2MT contends are standard essential—on fair, reasonable, and non-discriminatory terms. *See* Google's Answer at Affirmative and Other Defenses, ¶¶ 13-25, 27-46; *see id.*, Counterclaims, ¶¶ 51-76. Google's preliminary investigation into L2MT's efforts to license the patents-in-suit established that the individuals who may have been involved in pre-suit discussions between L2MT and Google, in addition to the Google and L2MT employees, are located as shown in the accompanying Acharya Decl. ¶ 12, Exs. 26-28.

None of these third parties is in the WDTX, making the NDCA at least as convenient as this District. Google is unaware of any negotiations-related third parties in the WDTX.

## **LEGAL STANDARD**

To evaluate transfer under 28 U.S.C. § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). If so, courts weigh eight private and public factors:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive[;] … [5] the administrative difficulties flowing from court congestion; [6] the local interest in having localized interests decided at home; [7] the familiarity of the forum with the law that will govern the case; and [8] the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* at 315 (internal citations and quotation marks omitted).

The proposed transferee forum is "clearly more convenient" where, as here, most potential witnesses and relevant evidence are concentrated in the transferee district. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014); *see also Nintendo*, 589 F.3d at 1198. The determination is not whether the "transferee forum is *far* more convenient." *Toyota*, 747 F.3d at 1341 (emphasis in original). Nor does plaintiff's choice of venue carry any weight. *Nintendo*, 589 F.3d at 1200. "Courts may consider undisputed facts outside the pleadings, but must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." *10Tales, Inc. v. TikTok Inc.*, No. 6:20-CV-00810-ADA, 2021 WL 2043978, at *2 (W.D. Tex. May 21, 2021) (citations omitted).

### I.  THE NDCA IS A CLEARLY MORE CONVENIENT FORUM THAN THE WDTX

#### A.  L2MT Could Have Brought This Action In The NDCA

As L2MT admits, Google is headquartered in the NDCA. Dkt. 1, ¶ 3. Thus, L2MT could have filed this lawsuit in the NDCA, where Google has a "regular and established place of

5

business." 28 U.S.C. § 1400(b); *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Accordingly, the transfer analysis turns on weighing the private and public interest factors.[2]

### B. All Private Interest Factors Favor Transfer To The NDCA

The private factors strongly favor transfer to the NDCA because it is more convenient for the vast majority of Google witnesses. The NDCA also has subpoena power over some potentially relevant third party witnesses in California. In contrast, this case has no connection to the WDTX.

#### 1. Cost Of Attendance For Willing Witnesses Heavily Favors Transfer To The NDCA

The "single most important factor in [the] transfer analysis" is the convenience and cost for witnesses to travel and attend trial. *Genentech, Inc.*, 566 F.3d at 1343. Courts "routinely afford more weight to the convenience and cost for non-party witnesses," but "also appropriately consider[] the cost of attendance of all willing witnesses." *Polaris Innovations, Ltd. v. Dell, Inc.*, No. SA-16-CV-451-XR, 2016 U.S. Dist. LEXIS 167263, at *22 (W.D. Tex. Dec. 5, 2016). Under the Fifth Circuit's 100-mile rule, "[w]hen the distance between an existing venue for trial . . . and a proposed venue under § 1404(a) is more than 100 miles, the factor of

---

[2] Further, ███████████████████████████████████████████████████████████████ are relevant to this case insofar as Google contends that L2MT breached its obligation to license the purportedly standard essential patents-in-suit on fair, reasonable, and non-discriminatory terms ("FRAND"). *See* Google's Answer at Affirmative and Other Defenses, ¶¶ 13-25, 27-46; *see id.*, Counterclaims, ¶¶ 51-76.

inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004) ("*Volkswagen I*").

This factor favors transfer to the NDCA. Google's employees with technical, financial, and marketing knowledge of the accused Pixel Products are almost all in the NDCA. (Rope Decl. ¶¶ 5-14.) For these Google employees, "it is more convenient [] to testify at home" in the NDCA. *See Volkswagen II*, 545 F.3d at 317. There is no direct flight from the Bay Area to Waco. Traveling to Waco from the Bay Area requires at least five hours of flight time (including a layover in Dallas), not including time spent traveling to and from and waiting at the airport. (Acharya Decl. ¶ 14, Ex. 30 (Flights SFO-ACT).) The long trips and overnight stays in Waco will lead to lost productivity and disruption to the witnesses' lives while "being away from work, family, and community." *Volkswagen II*, 545 F.3d at 317. By contrast, if this case were transferred to the NDCA, Google employees could readily travel back and forth between court and their homes—a "thirty minutes [to] an hour" commute-as compared to traveling "five or six hours one-way" to Waco. *See Volkswagen I*, 371 F.3d at 205 ("[T]he task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour."). "[T]his Court has previously recognized Google's strong presence in the NDCA." *See 10Tales, Inc.*, 2021 WL 2043978, at *3; *see also Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-CV-00432-ADA, 2020 WL 4905809, at *5-6 (W.D. Tex. Aug. 20, 2020). The convenience of non-party witnesses also favors transfer. As described in Section I.C., the majority of Qualcomm's employees and at least some of the prosecuting attorneys are located in California. For them, the NDCA is more convenient than WDTX. *10Tales*, 2021 WL 2043978, at *4

7

(finding that the NDCA is "arguably the most convenient federal forum" for witnesses that reside in the NDCA or "somewhere else in California" as opposed to the WDTX "located over 1,300 miles further"). Moreover, no potential third parties reside in the WDTX, or even Texas. (*See supra* Section I.C., I.D.)

Potential witnesses that reside in neither California nor WDTX, such as the patent inventors who appear to reside in Taiwan, "will be inconvenienced by extensive travel regardless of the forum and thus the '100-mile' rule should not be rigidly applied." *10Tales*, 2021 WL 2043978, at *4 (citing *Genentech*, 566 F.3d at 1344).

Meanwhile, Google is not aware of any potential witness relevant to this case who resides in this District. Transfer is thus appropriate because Google has "identified a significant number of its own employees as potential witnesses who reside in the Northern District of California" while L2MT's "own employees will be coming from outside both districts." *In re Adobe Inc.*, 823 F. App'x 929, 931 (Fed. Cir. 2020)); *see also In re Tracfone Wireless, Inc.*, No. 2021-136, 2021 U.S. App. LEXIS 11388, at *3, 6 (Fed. Cir. Apr. 20, 2021) (finding that the convenience of witnesses favored transfer where "no party identified any witness residing in the Western District of Texas" and "several of [defendant]'s likely employees resid[ed] in the transferee venue"). This most important factor favors transfer.

### 2. Relative Ease Of Access To Sources Of Proof Favors Transfer To The NDCA

As this Court has noted, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *10Tales*, 2021 WL 2043978, at *2 (citing *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020). As the Court has also noted, "under current Fifth Circuit precedent, the physical location of electronic documents does affect

8

the outcome of this factor." *Moskowitz Family LLC v. Globus Med.*, No. 6:19-cv-00672, 2020 U.S. Dist. LEXIS 145438, at *8 n.2 (W.D. Tex. July 2, 2020) (citing *Volkswagen II*, 545 F.3d at 316); *see also Correct Transmission LLC v. ADTRAN, Inc.*, No. 6:20-CV-00669-ADA, 2021 WL 1967985, at *4 (W.D. Tex. May 17, 2021) ("[T]his factor is relevant regardless of the method of storage.").

Here, many of the relevant sources of proof are in the NDCA or elsewhere on the West Coast, and therefore more easily accessed from the NDCA than the WDTX. Google keeps technical, financial, marketing, licensing, and pre-suit discussion documents relevant to the accused Pixel Products at its Mountain View headquarters, where the employees who create and maintain them are primarily located. (Rope Decl. ¶¶ 15-16.) Google is not aware of any relevant documents kept in the WDTX concerning the research, development, marketing, financials, or pre-suit discussion for the accused Pixel Products. (*Id.*, ¶ 16.) Further, key third-party documentary evidence is located on the West Coast, such as Qualcomm's documents in San Diego. *Supra* Section I.C.

In contrast, Google is unaware of relevant sources of proof in the WDTX. Indeed, L2MT does not appear to carry any business activities in this District. *Supra* Section I.B. This factor thus favors transfer. *See In re HP Inc.*, 826 F. App'x 899, 902 (2020) (mandating transfer to the NDCA where most physical sources of proof were present in the NDCA, and none were in the EDTX); *10Tales*, 2021 WL 2043978, at *2 ("Thus, to avoid burdening the defendant with unnecessary transportation costs of physical evidence and documentation, the prudent conclusion is that this factor weighs in favor of transfer.").

### 3. Availability Of Compulsory Process Favors Transfer To The NDCA

"Transfer is strongly favored" where, as here, a transferee district like the NDCA, "has absolute subpoena power over a greater number of non-party witnesses." *Adaptix, Inc. v. HTC*

9

*Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. March 28, 2013).  A court may subpoena a person (a) within 100 miles of where a person resides or works, or (b) within the state when the witness is a party, an officer of the party, or would not incur substantial expense to attend trial.  Fed. R. Civ. P. 45(c)(1).

Here, material third-party witnesses, such as Qualcomm's San Diego employees, and some of the prosecuting attorneys for the patents-in-suit, are located in California, within the subpoena power of the NDCA but not the WDTX.  *Supra* Section I.C.  In contrast, Google is not aware of any third-party witnesses in this District or Texas.  *10Tales*, 2021 WL 2043978, at *3 ("10Tales' failure to identify even a single relevant witness that this Court could exercise its subpoena power over, however, ultimately compels the conclusion that this factor favors transfer."); *see also In re: Samsung Electronics Co., Ltd.*, -- F.4th --, 2021 WL 2672136 (Fed. Cir. June 30, 2021) ("[B]ecause these potential witnesses reside in Northern California, transfer ensures that the transferee court could compel these individuals to appear.")  This factor therefore also weighs in favor of transfer.

### 4. There Are No Practical Problems with Transferring This Case

"[T]his Court has previously held that the last private interest factor favors transfer when most witnesses are present in the transferee forum and the plaintiff has no presence in the Western District."  *Correct Transmission*, 2021 WL 1967985, at *5.  Due to the majority of potential Google witnesses being in the NDCA, and L2MT having no apparent witnesses in the WDTX, this factor also favors transfer.

Further, neither the WDTX nor the NDCA has experience with the patents-in-suit.  Because "there is [no] co-pending litigation before the trial court involving the same patent and underlying technology" nor is the Court "familiar with the underlying patent from prior litigation," this factor's impact is "marginal" at best.  *10Tales*, 2021 WL 2043978, at *4.

This factor also "considers problems such as those rationally based on judicial economy which will weigh heavily in favor of or against transfer." *Moskowitz*, 2020 U.S. Dist. LEXIS 145438, at *14. So far in this case, no schedule has been entered; Google has just answered the Complaint; and no other motions have been filed. Therefore, overall, this factor favors transfer.

### C. The Public Interest Factors Also Weigh In Favor Of Transfer

#### 1. NDCA Has A Strong Local Interest In This Dispute

The NDCA has a strong local interest in this case, "because the cause of action calls into question the work and reputation of several individuals residing in or near that district." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2008). Google was founded and maintains its headquarters and largest offices in the NDCA, designed the accused Pixel Products there, and its personnel, documentary records, and ongoing activities relating to the Pixel Products are primarily in the NDCA. *Supra* Section I.A. The strong connection of the accused instrumentalities to the NDCA means that it has a "far stronger local interest in the case than the Western District of Texas." *In re Tracfone*, 2021 U.S. App. LEXIS 11388, at *10; *see also In re: Samsung Electronics Co., Ltd.*, -- F.4th --, 2021 WL 2672136 (Fed. Cir. June 30, 2021) (NDCA has "a legitimate interest in adjudicating [patent infringement accused products developed in the district] 'at home'"). This Court has previously held that "the district where a party has its principal place of business typically has a stronger local interest in the adjudication of the case." *Correct Transmission*, 2021 WL 1967985, at *6 (citations omitted); *see also In re Apple Inc.*, 979 F.3d at 1345 (transfer appropriate despite Apple's "general presence in WDTX"). The fact that Google makes its services and products available nationally does not establish an interest in having the case tried here. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

11

By contrast, this District has no interest in protecting L2MT's patents or any other interest in this case. L2MT is not based in this District. And while L2MT is putatively a Texas LLC based in Plano, Texas, L2MT does not appear to "transact[] business" under Texas law. Under Section 9.251 of the Texas Business Organizations Code, "maintaining or defending an action or suit or an administrative or arbitration proceeding, or effecting the settlement of: (A) such an action, suit, or proceeding; or (B) a claim or dispute to which the entity is a party" is one of fifteen carveouts that do not constitute "transacting business." By its own assertion, L2MT is in the business of licensing patented technology." Dkt. 1, ¶ 2. Moreover, L2MT's infringement allegations in its Complaint (*see, e.g.*, Dkt. 1 ¶¶ 32-41, 47-60, 66-75) have no connection to the WDTX that could not also be drawn to any other district. *See Volkswagen II*, 545 F.3d at 318 (noting these types of connections "could apply virtually to any judicial district or division in the United States; it leaves no room for consideration of those actually affected—directly and indirectly—by the controversies and events giving rise to a case"); *see also Nintendo*, 589 F.3d at 1198.

Because the NDCA has a strong local interest in this case, this factor favors transfer.

### 2. The Median Time To Jury Trial Is Neutral

Based on statistics for the 2010-2021 period, the median time to jury trial in patent cases in the NDCA is 2.40 years, versus 2.62 years in the WDTX. (*See* Acharya Decl. ¶ 15, Ex. 31 (DocketNav Statistics).) While this Court has recently streamlined its patent litigation procedure, court speed "appears to be the most speculative" of the factors in the transfer analysis, and "should not alone outweigh all of [the] other factors." *In re Genentech*, 566 F.3d at 1347; *Harland Clarke Holdings Corp. v. Milken*, 997 F. Supp. 2d 561, 587 (W.D. Tex. 2014). Further, "neither discovery nor a *Markman* hearing have occurred in this case" so "transfer at this stage of

12

litigation would not likely create any meaningful delays." *10Tales*, 2021 WL 2043978, at *5. This factor should be neutral at best.

### 3. The Remaining Public Interest Factors Are Neutral

Familiarity with the governing law is neutral, as both the NDCA and the WDTX are well versed in patent law. *TS Tech*, 551 F.3d at 1320. And because there is no prospect for any conflict of laws, the last public interest factor is also neutral.

### CONCLUSION

The Court should transfer the case to the NDCA, a clearly more convenient venue for this litigation.

DATED: July 6, 2021                                  Respectfully submitted,


                                      By: */s/ Paige Arnette Amstutz*
                                      Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
pamstutz@scottdoug.com


Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Andrea Roberts (*pro hac vice*)
andreaproberts@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel : 650-801-5000
Fax: 650-801-5100

Kevin Hardy (*pro hac vice*)
kevinhardy@quinnemanuel.com
Deepa Acharya
deepaacharya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, N.W., Suite 900
Washington, DC  20005
Tel: 202-538-8000
Fax: 202-538-8100

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF CONFERENCE

On July 6, 2021, pursuant to Local Rule CV-7, counsel Paige Arnette Amstuz and Olga Slobodyanyuk for Defendant met and conferred with counsel for Plaintiff, and counsel Joseph Marinelli for Plaintiff indicated that Plaintiff is opposed to the relief sought by this Motion.

Dated:  July 6, 2021               */s/ Paige Arnette Amstutz*
                                   **Paige Arnette Amstutz**


## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 6, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  July 6, 2021               */s/ Paige Arnette Amstutz*
                                   **Paige Arnette Amstutz**