THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| L2 MOBILE TECHNOLOGIES LLC,<br><br>               Plaintiff,<br><br>  vs.<br><br>GOOGLE LLC,<br><br>               Defendant. | Civil Action No. 6:21-cv-358-ADA<br><br>JURY TRIAL DEMANDED |

**REPLY IN SUPPORT OF DEFENDANT GOOGLE LLC'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**

As Plaintiff L2 Mobile Technologies LLC ("L2MT") concedes in its Opposition, there is ***not a single relevant witness or document*** located in this District. While L2MT speculates that there may be some connection between Google's Texas presence and this case, L2MT has not pointed to any specific evidence located in this District, and the evidence shows there is none— the relevant Google witnesses and documents are predominately located in California. Critically, so too is the third party (San Diego-based Qualcomm) which sells the components that are actually accused of infringement here to Google. As for L2MT, neither its witnesses nor its documents are located in this District. Even if Waco is closer to home for the two L2MT employees who may testify in this case, that does not change the fact that California is vastly more convenient for the many relevant witnesses who reside there or that the NDCA would have far greater ability to compel attendance at trial than this Court. Because here, "the transferee venue is 'clearly more convenient' than the venue chosen by the plaintiff," the case should be transferred. *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009) (citations omitted).

## I. THE PRIVATE INTEREST FACTORS FAVOR TRANSFER TO THE NDCA

Contrary to L2MT's suggestion, none of the private interest factors weigh against transferring this case to the Northern District of California.

*First*, there is significantly more evidence located physically in California than there is in any other judicial district. As an initial matter, there is no evidence that ***any*** relevant sources of proof are located in this District. At most, L2MT can point to an unspecified, but presumably small, volume of correspondence, license agreements and bank statements that it claims are relevant and that are physically located in a different district in Texas (without stating that these documents are not also available in electronic form. Opp., 6-7. As this Court has recognized, however, because "the bulk of the relevant evidence usually comes from the accused infringer," the linchpin of this factor is "the place where the defendant's documents are kept." *10Tales, Inc.*

*v. TikTok Inc.*, No. 6:20-CV-00810-ADA, 2021 WL 2043978, at *2 (W.D. Tex. May 21, 2021) (citations omitted)); *see also Nintendo Co.*, 589 F.3d at 1199-2000 (this factor weighs "heavily in favor of transfer" where the "majority" of alleged infringer's evidence is located); *Uniloc USA Inc. v. Box, Inc.*, No. 1:17-CV-754-LY, 2018 WL 2729202, at *2 (W.D. Tex. June 6, 2018) (sources of proof favored transfer despite plaintiff's documents physically being in E.D. Tex. where defendant's documents, source code, and technical team are in the NDCA). Here, not only is Google located in California; third-party Qualcomm is as well.[1] As L2MT's preliminary infringement contentions make clear, L2MT's theories of infringement all center on low-level operation of 3G and thus focus on the operation of equipment supplied to Google by Qualcomm—specifically, baseband processors that provide the cellular communication functionality that L2MT accuses of infringement. Reply Acharya Decl. Ex. A. Qualcomm's practice is to produce its source code in California in a controlled environment (Marinelli Decl. Ex. 3, ¶ 7). The fact that L2MT keeps original copies of correspondence and bank statements in its office—even assuming such documents are relevant—does not change the analysis, as the sources-of-proof factor turns on "***relative*** ease of access, not absolute ease of access," *In re Radmax, Ltd.*, 720 F.3d 285, 288

---

[1] The majority of Google and third-party sources are in California, unlike in *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, where the relevant documents were "spread throughout [] the country and world." No. 6:09-CV-390, 2010 WL 3855520, at *4 (E.D. Tex. Sept. 30, 2010). And, unlike in *Rockstar Consortium US LP v. Google Inc.,* No. 2:13-CV-893-JRG-RSP, 2014 WL 4748692, at *3 (E.D. Tex. Sept. 23, 2014), here Google's evidence shows that relevant documents are primarily "***created and maintained***" in the NDCA by the specifically identified "employees with relevant knowledge." Rope Decl., ¶ 16. As for L2MT's claim that Google must identify the data centers where its electronic documents are stored and explain why they are harder to access in this District, that is not in line with Fifth or Federal Circuit precedent. *See In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) ("[T]he court's antiquated era argument was essentially rejected in Volkswagen."); *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013); *see also Moskowitz Fam. LLC. v. Globus Med., Inc.*, No. 6:19-CV-00672-ADA, 2020 WL 4577710, at *3 (W.D. Tex. July 2, 2020) (finding that the transferee venue "likely possesses the bulk of the relevant documents" where the defendants did not provide evidence regarding the physical location of their documents).

(5th Cir. 2013) (emphasis added).

*Second*, the availability of compulsory process favors transfer to NDCA given the number of non-party witnesses located there. L2MT's argument for this factor misstates the controlling Federal Circuit precedent: "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018); *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) (the compulsory process factor favors transfer where a court's subpoena powers "may" be useful "in the event process is required to hale relevant witnesses into court"). Here, Google pointed to a number of potentially material third-party witnesses within the subpoena power of the NDCA, but not of this Court.[2] Mot., 3-4, 9-10.

*Third*, the cost of attendance for willing witnesses heavily favors transfer. L2MT does not point to **a single potential witness, party or third party, located in this District.** Despite acknowledging that "convenience of party witnesses is given little weight," L2MT focuses on convenience for 2 out of its 5 employees who are located in Dallas (Opp., 9-10) and ignores the 7 identified Google employees in the NDCA, as well as potential other Google witnesses with "knowledge about the technical, financial, and marketing aspects of the accused Pixel Products" (Rope Decl., ¶¶ 5-12). Nor can L2MT brush aside the fact that the NDCA is more convenient for third-party Qualcomm's California-based employees; it is not "mere speculation" that Qualcomm

---

[2] L2MT's travel time arguments ignore the difference in subpoena powers of the two districts and the impact of air travel. Travel time by plane from Qualcomm's HQ to Seattle (2 hr 50 min) is shorter than to Waco (4 hr 35 min) (Marinelli Decl. Exs. 4, 5), and shorter still to the NDCA (1 hr 25 min), the proper place for the comparison (Reply Acharya Decl. Ex. B). For non-California third parties, L2MT likewise ignores that their travel time by plane to the NDCA and the WDTX is nearly identical. A flight from Chicago to Waco is 4 hr 15 min, compared to 4 hr 20 min to San Francisco (Marinelli Decl. Exs. 7, 8); and from Virginia, it's 4 hr 50 min to Waco, compared to 5 hr 20 min to San Francisco (*Id.*, Exs. 9, 10).

3

employees will be more knowledgeable about their own products than Google engineers. Contrary to L2MT's argument, courts should not "discount [third party] entities just because individual employees were not identified." *In re HP Inc.*, 826 F. App'x 899, 903 (Fed. Cir. 2020). Because Google has identified potential witnesses who reside in the Northern District of California, and L2MT has failed to point to witnesses in this district, transfer should be granted.[3] *In re TracFone Wireless, Inc.*, No. 2021-136, 2021 WL 1546036, at *2 (Fed. Cir. Apr. 20, 2021) (ordering transfer where "[s]everal of [defendant's] likely employee witnesses resid[e] in the transferee venue" and not a "single potential witness [was] within or even close to [the transferor venue]").

*Fourth*, L2MT does not point to any practical problems with transferring the case. Instead, it argues this Court should disregard the Federal Circuit's directive to consider "all other practical problems that make trial of a case easy, expeditious, and inexpensive" (*10Tales,* 2021 WL 2043978, at *4 (citations omitted)). L2MT's argument that this Court should disregard (1) that "Google has a strong presence in the [NDCA]" (*In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017)); (2) that key third-party Qualcomm also is based in California; and (3) that the early stage of this case makes it easy to transfer should be rejected.

## II.   THE PUBLIC INTEREST FACTORS ALSO WEIGH IN FAVOR OF TRANSFER

*First*, L2MT's arguments about Google's general presence in this District has been rejected by the Federal Circuit. This factor is not about the parties' "connections to each forum writ large," but rather to "**the events that gave rise to a suit**." *In re Apple*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (emphasis added). In *Apple*, the Federal Circuit held that the law was misapplied by weighting Apple's general contacts with the forum, such as building a second campus in Austin,

---

[3] L2MT's argument about the availability of video testimony is unavailing, since Fed. R. Civ. P. 43(a) permits this only for "good cause," "in compelling circumstances," and "with appropriate safeguards," and this District lacks subpoena power over these third party witnesses.

4

instead of "the significant connections between NDCA" and the suit-generating events. *Id.* Here, L2MT's citations to Google's investment into a Texas office and data centers is the type of general presence rejected by *Apple*.

*Second*, there is no evidence that this District is "home to Google facilities, employees" relevant to this case or is a "significant market[] for the allegedly infringing products." *Jenam Tech, LLC v. Google LLC,* No. 6-20-CV-00453-ADA, 2021 WL 2870694, at *9 (W.D. Tex. July 8, 2021). Instead, L2MT points to: (1) a new office in S.D. Tex. for the Google Cloud Sales team (not relevant to this suit), (2) a data center in N.D. Tex. (not relevant to this suit), (3) Google's WDTX office, which the evidence shows ***does not have any employees*** with "relevant knowledge of the accused features of the Pixel Products" (Rope Decl. ¶ 16) (*see* Marinelli Decl. Exs. 11, 12), and (4) Google's digital skills programs for small businesses and partnership with Texas nonprofits (also not relevant to this case) (Marinelli Decl. Ex. 13).

*Third*, Google's compulsory counterclaims do not change the transfer calculus. Because Google did not ***choose*** to bring claims in this forum, but instead ***counterclaimed*** against L2MT, these claims "cannot weigh against [Google's] request to transfer." *SMA Portfolio Owner, LLC v. CPX Tampa Gateway OPAG, LLC*, No. 8:11-CV-1925-T-23EAJ, 2014 WL 4791997, at *3 (M.D. Fla. Sept. 22, 2014). *See also* Dkt. 16 (Google's Counterclaims), ¶ 5 (contesting venue).

*Finally*, court congestion is the "most speculative" and the least important factor. *Genentech*, 566 F.3d at 1347. Here, with no case schedule, it should carry the least weight. This factor "concerns whether there is an appreciable difference in docket congestion between the two forums," and "[n]othing about the court's general ability to set a schedule directly speaks to that issue." *Adobe*, 823 F. App'x at 932. L2MT does not contradict Google's evidence that there is no appreciable difference in court congestion between the NDCA and the WDTX.

5

DATED:  July 27, 2021	Respectfully submitted,


By: */s/ Paige Arnette Amstutz*
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
pamstutz@scottdoug.com


Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Andrea Roberts (*pro hac vice*)
andreaproberts@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel : 650-801-5000
Fax: 650-801-5100

Kevin Hardy (*pro hac vice*)
kevinhardy@quinnemanuel.com
Deepa Acharya
deepaacharya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, N.W., Suite 900
Washington, DC  20005
Tel: 202-538-8000
Fax: 202-538-8100

*Attorneys for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 27, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  July 27, 2021 /s/ *Paige Arnette Amstutz*
**Paige Arnette Amstutz**