# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| L2 MOBILE TECHNOLOGIES LLC, | Civil Action No.: 6:21-cv-00358-ADA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFF L2 MOBILE TECHNOLOGIES LLC'S MOTION TO DISMISS GOOGLE'S FIRST, THIRD, AND FIFTH COUNTERCLAIMS PURSUANT TO FRCP 12(b)(6)**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1
II. FACTUAL BACKGROUND ........................................................................................... 1
III. LEGAL STANDARD ....................................................................................................... 2
IV. GOOGLE'S FIRST, THIRD AND FIFTH COUNTERCLAIMS REQUESTING DECLARATIONS OF NONINFRINGEMENT SHOULD BE DISMISSED AS INSUFFICIENT UNDER *IQBAL* AND *TWOMBLY* ......................................................... 4
V. CONCLUSION ................................................................................................................. 6

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................ 2, 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................... 2

*Ecojet, Inc. v. Pure Spa Components, Inc.*,
  SACV 1601463CJCKESX, 2017 WL 3485780 (C.D. Cal. Feb. 10, 2017) .............................. 5

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
  2017 WL 239326, *3 (D. Del. Jan. 19, 2017) .................................................................... 3, 5

*RAH Color Techs. LLC v. Ricoh USA Inc.*,
  194 F. Supp. 3d 346 (E.D. Pa. 2016) ................................................................................ 3, 5

*SecurityProfiling, LLC v. Trend Micro America, Inc.*
  2017 WL 5150682 (E.D. Tex. March 21, 2017),
  *report and recommendation adopted*,
  616CV01165RWSJDL, 2017 WL 1950810 (E.D. Tex. May 11, 2017) ............................... 3, 5

*Tannerite Sports, LLC v. Jerent Enterprises, LLC*,
  6:15-CV-00180-AA, 2016 WL 1737740 (D. Or. May 2, 2016) .............................................. 3

*The Beer Barrel, LLC v. Deep Wood Brew Prods., LLC*,
  No. 2:16-cv-00440-DN-BCW, 2016 WL 5936874 (D. Utah Oct. 12, 2016) ............................ 5

*Webasto Thermo & Comfort N.A., Inc. v. Bestop, Inc.*,
  16-CV-13456, 2017 WL 4535290 (E.D. Mich. Oct. 11, 2017) ............................................... 5

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 2

**I.    INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff L2 Mobile Technologies LLC ("L2MT") respectfully moves this Court for an order dismissing Defendant Google LLC's ("Google's") counterclaims requesting declaratory judgments of noninfringement. In particular, the First, Third, and Fifth Counts of Google's Counterclaims (the "Noninfringement Counterclaims") fail to allege a single supporting fact—much less sufficient facts—from which it could be plausibly inferred that Google does not infringe L2MT's asserted patents. To the contrary, Google's skeletal Noninfringement Counterclaims include nothing more than unsupported legal conclusions devoid of any factual bases that would permit L2MT or this Court to evaluate the plausibility of its claims. For at least these reasons, Google's Noninfringement Counterclaims should be dismissed.

**II.   FACTUAL BACKGROUND**

On April 9, 2021, L2MT filed its complaint in this case alleging that Google's "Pixel" line of smartphones that comply with the 3G wireless communications standards infringe various claims of U.S. Patent No. 8,179,913 ("the '913 patent"), U.S. Patent No. 8,054,777 ("the '777 patent"), and U.S. Reissue Patent No. RE47,200 ("the '200 patent") (collectively, the "Asserted Patents"). (*See* ECF No. 1.) On July 6, 2021, Google answered L2MT's complaint and asserted various counterclaims against L2MT, including its Noninfringement Counterclaims requesting a declaratory judgment of noninfringement for each respective one of the Asserted Patents. (*See* ECF No. 16 at 31–34.)

As Google acknowledges in its answer, each of the Asserted Patents has been declared as essential to practice the 3G wireless communications standard. (*See id.* at 17–18.) L2MT contends that it is necessary to practice one or more claims of the Asserted Patents to comply with the requirements of the 3G wireless communications standards, and because Google's Pixel line of

1

smartphones are 3G-compliant, they necessarily infringe the Asserted Patents. Notwithstanding such compliance with the 3G standard, Google's answer to the complaint denies infringement. (*Id.* at 13, 31–34.)

As noted above, Google seeks a declaratory judgment of noninfringement for each of the asserted patents as set forth in the First, Third, and Fifth Counts of Google's Counterclaims. (*See id.* at 31–34.) Google's Noninfringement Counterclaims contain no factual allegations. (*See id.*) For each counterclaim, the substantive allegation of noninfringement consists entirely of a legal conclusion generally denying infringement: "*Google has not infringed, contributed to the infringement, or induced the infringement of claims [] of the [asserted patent]*." (*See id.*) Google's Noninfringement Counterclaims do not refer to any of aspect of Google's accused products, any portion of the 3G wireless communications standard, or any claim elements of the Asserted Patents. (*See id.*)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57.

The pleading standard is guided by "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, although a court must accept the factual allegations set forth in a claim as true, this basic tenet is "inapplicable to legal conclusions." *Id.* In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, in addressing a motion to dismiss, the Court must initially identify pleadings that are nothing more than legal conclusions which are not entitled to an assumption of truth, and then assume the veracity of well-pleaded factual allegations and determine whether those allegations give rise to a plausible claim for relief. *See id.* at 678–79.

In addition, "[c]ourts use the same standard in ruling on a motion to dismiss a counterclaim under Rule 12(b)(6) as they do in assessing a claim in a complaint." *SecurityProfiling, LLC v. Trend Micro America, Inc.* 2017 WL 5150682, *4 (E.D. Tex. March 21, 2017), *report and recommendation adopted*, 616CV01165RWSJDL, 2017 WL 1950810 (E.D. Tex. May 11, 2017) (quoting *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, 2017 WL 239326, *3 (D. Del. Jan. 19, 2017)); *see also RAH Color Techs. LLC v. Ricoh USA Inc.*, 194 F. Supp. 3d 346, 348 (E.D. Pa. 2016). Accordingly, Google's counterclaims for declaratory judgment of noninfringement are governed by the pleading requirements set forth by the Supreme Court in *Iqbal* and *Twombly*, just as if they were pled as claims in a complaint.

A counterclaim for a declaratory judgment of noninfringement must be supported by "detailed factual allegations" that plausibly plead a claim for relief. *Tannerite Sports, LLC v. Jerent Enterprises, LLC*, 6:15-CV-00180-AA, 2016 WL 1737740, *5 (D. Or. May 2, 2016). This requires something more than mere allegations that the defendant "has not infringed and does not infringe . . . any valid and enforceable claim" of an asserted patent. *RAH Color*, 194 F. Supp. 3d at 352 (internal quotation marks omitted).

## IV. GOOGLE'S FIRST, THIRD AND FIFTH COUNTERCLAIMS REQUESTING DECLARATIONS OF NONINFRINGEMENT SHOULD BE DISMISSED AS INSUFFICIENT UNDER *IQBAL* AND *TWOMBLY*

Google's vague and conclusory Noninfringement Counterclaims are devoid of any factual allegations related to its purported noninfringement—much less sufficient factual allegations—and thus fail to state a plausible claim for relief. As a result, Google's Noninfringement Counterclaims should be dismissed.

In particular, Google's Noninfringement Counterclaims assert that the Asserted Patents are not infringed by Google but lack any factual allegations or explanation to support those assertions. For example, the entirety of Google's substantive noninfringement allegation with respect to the '913 patent in its first counterclaim consists of the following legal conclusion:

> 23.  L2MT's Complaint alleges that Google infringes at least claims 1 and 2 of the '913 patent *even though Google has not infringed, contributed to the infringement, or induced the infringement of claims 1 and 2 or any other claim of the '913 patent*.

(ECF No. 16 at 31 (emphasis added).) Then, based on this bare, factually unsupported assertion, Google requests a judicial declaration of noninfringement because it "does not and has not infringed, contributed to the infringement of, or induced infringement of any claim of the '913 patent either literally or under the doctrine of equivalents, willfully, or in any other manner." (*Id.* at 32.) Google's third and fifth counterclaims requesting declarations of noninfringement of the '777 and '200 patents are identical to its first counterclaim save the differing patent numbers and asserted claims thereof. (*Id.* 32–34.)

Google's formulaic and naked assertions of non-infringement, without any supporting factual allegations, are insufficient under *Iqbal* and *Twombly*. When pleading a counterclaim requesting a declaration of noninfringement, a counterclaim-plaintiff must state factual allegations upon which a conclusion of noninfringement may be based, such as specifying aspects of the

4

asserted patent and accused product that demonstrate how the accused product does not infringe. *See The Beer Barrel, LLC v. Deep Wood Brew Prods., LLC*, No. 2:16-cv-00440-DN-BCW, 2016 WL 5936874, *5 (D. Utah Oct. 12, 2016); *see also Ecojet, Inc. v. Pure Spa Components, Inc.*, SACV 1601463CJCKESX, 2017 WL 3485780, *6 (C.D. Cal. Feb. 10, 2017) (dismissing noninfringement counterclaim where defendants did not identify any aspect of the patent at issue or of the allegedly infringing products to support their conclusory assertion of noninfringement).

Indeed, numerous courts have dismissed nearly identical, threadbare noninfringement counterclaims for failure to satisfy the *Iqbal*/*Twombly* pleading standard:

- *SecurityProfiling*, 2017 WL 5150682 at *5 (recommending dismissal of noninfringement counterclaim under Rule 12(b)(6) that stated "Defendants/Counterclaim-Plaintiffs deny that they have infringed or are infringing any valid or enforceable claim of the [patent-in-suit]");

- *Princeton*, 2017 WL 239326 at *5 (dismissing noninfringement counterclaim under Rule 12(b)(6) that stated "[Defendants] have not infringed and are not infringing, either directly or indirectly, nor have the[y] contributed to or induced infringement by others, of any valid claim of the [patent-in-suit], either literally or under the doctrine of equivalents");

- *RAH Color*, 194 F. Supp. 3d at 351–52 (dismissing noninfringement counterclaim under Rule 12(b)(6) that stated "[Defendant] has not infringed and does not infringe, either directly, indirectly, contributory [sic], or by inducement, any valid and enforceable claims of the [asserted] patent either literally or under the doctrine of equivalents, willfully, or otherwise");

- *The Beer Barrel*, 2016 WL 5936874 at *4–5 (dismissing noninfringement counterclaim under Rule 12(b)(6) that stated that certain products "do not and have not infringed on any valid and enforceable claim of Defendants' Patents, directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents"); and

- *Webasto Thermo & Comfort N.A., Inc. v. Bestop, Inc.*, 16-CV-13456, 2017 WL 4535290, *3–5, n.1 (E.D. Mich. Oct. 11, 2017) (dismissing noninfringement counterclaim under Rule 12(b)(6) that stated that defendant "does not infringe and has not infringed any properly construed claim of the [patent-in-suit] literally, equivalently, directly, or indirectly, including inducement of infringement or contributory infringement").

As exemplified by these decisions, Google's unsupported counterclaim allegations of noninfringement are flawed in several key respects: (1) Google fails to set forth a single factual allegation supporting its noninfringement position, (2) Google fails to identify or discuss a single

5

claim limitation of the asserted claims, and (3) Google fails to explain how any of the asserted claim limitations are not present in or practiced by its Pixel phones. Google's boilerplate noninfringement counterclaims leave the Court and L2MT to guess the bases, if any, for Google's declaratory judgment counts, which is precisely what the *Iqbal*/*Twombly* pleading standard is designed to avoid.

Even considering Google's responses in its answer to L2MT's complaint, Google's allegations still fall short of the *Iqbal*/*Twombly* pleading standard. Although Google appears to dispute the essentiality of the Asserted Patents, it provides no explanation of why it believes the Asserted Patents are not essential to the 3G wireless communications standard or why the Asserted Patents would not necessarily be infringed by implementing same. (*See* ECF No. 16 at 31–34.) Even assuming *arguendo* that Google provided a plausible basis to dispute the essentiality of the Asserted Patents—which it did not—Google nonetheless provides no factual allegations sufficient to demonstrate why its Pixel phones do not infringe the Asserted Patents. Without any supporting factual allegations related to either essentiality or noninfringement, Google's Noninfringement Counterclaims are plainly deficient under the *Iqbal*/*Twombly* pleading standard because they fail to provide any factual bases for Google's noninfringement counterclaims.

V.  **CONCLUSION**

Accordingly, L2MT respectfully requests that the Court dismiss the First, Third, and Fifth Counts of Google's Counterclaims, or at the very least, order Google to provide a more definite statement to permit L2MT to sufficiently evaluate Google's Noninfringement Counterclaims.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: August 10, 2021 | By: /s/ *Joseph F. Marinelli*<br>Timothy P. Maloney (IL 6216483)<br>Joseph F. Marinelli (IL 6270210)<br>Evan J. Kline-Wedeen (IL 6329941)<br>**FITCH, EVEN, TABIN & FLANNERY LLP**<br>120 S. LaSalle St., Suite 2100<br>Chicago, IL 60603<br>Telephone: 312.577.7000<br>tim@fitcheven.com<br>jmarinelli@fitcheven.com<br>eklinewedeen@fitcheven.com<br><br>*Attorneys for Plaintiff*<br>*L2 Mobile Technologies LLC* |

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record were served with a copy the above document via CM/ECF on August 10, 2021.

/s/ *Joseph F. Marinelli*
Joseph F. Marinelli
*Attorney for Plaintiff*
*L2 Mobile Technologies LLC*